IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY W. JENKINS, <br> No. 20570-045, <br>                 Petitioner, <br> vs. <br> S.J. WALTON, <br>                 Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> )   CIVIL NO. 14-CV-00557-DRH <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Jerry W. Jenkins, is currently incarcerated in the United States Penitentiary at Marion, Illinois. His petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

### I. Background

Petitioner Jenkins is attacking his conviction and sentence in *United States v. Jenkins*, No. 07-cr-00385-DW (W.D. Mo. Dec. 2, 2008). Following a jury trial

in 2008, Jenkins was convicted of being a felon in possession of ammunition (Count 1) and a firearm (Count 2), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He was sentenced to concurrent 327-month terms of imprisonment as an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e).

Jenkins appealed, arguing that the trial court erred by (1) admitting under Federal Rule of Evidence 404(b), Michelle Gordon's testimony that Jenkins possessed a firearm before the date of the charged offenses; (2) admitting evidence of several previous felony convictions; and (3) imposing concurrent 327-month sentences. The conviction and sentence were affirmed. *See United States v. Jenkins*, 355 Fed. Appx. 983 (8th Cir. 2009).

Next, Jenkins moved to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. The various grounds presented included: (1) error in allowing Michelle Gordon to testify as to certain matters; (2) error in admitting into evidence the name and nature of Jenkins' prior felony convictions; (3) ineffective assistance of counsel; and (4) error in not allowing Jenkins to introduce collateral evidence to impeach the testimony of Michelle Gordon. The district court swept aside those issues that had previously been presented on direct appeal, and noted that mere errors in evidentiary rulings are not cognizable under Section 2255. The Section 2255 motion was dismissed. *See Jenkins v. United States*, Case No. 11-cv-215-DW, Doc. 10 (W.D. Mo. Oct. 21, 2011). The Court of Appeals for the Eighth Circuit denied Jenkins a certificate of

appealability. *See Jenkins v. United States*, Case No. 11-3846 (8th Cir. April 30, 2012).

In March 2013, Jenkins returned to the district court, filing a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Jenkins alleged that the government had committed a fraud upon the court during the criminal trial. The Rule 60(b) motion was denied on June 25, 2013. *See Jenkins v. United States*, Case No. 11-cv-215-DW, Doc. 21 (W.D. Mo. June 25, 2013).

## II. The Petition

Petitioner Jenkins presents 18 grounds for upsetting his conviction and sentence, plus subparts:

1. The trial transcript omits voir dire, the jury charge, sidebars and other discussions;

2. The statutes referenced in the indictment do not reference ammunition, firearms or interstate commerce;

3. A video of Jenkins being transported to jail was admitted at trial as a confession, despite there being no indication in the recording that Jenkins was informed of his *Miranda* rights;

4. Jury Instruction No. 1 referenced the Armed Career Criminal Act, constructively amending the indictment;

5. Jury Instruction No. 2 constructively amended the indictment by instructing that the ammunition must have travelled across state lines;

6. Jury Instruction No. 6 required the jury to determine facts based on an incomplete record, as they were not privy to all aspects of trial (such as sidebar conversations);

7. Jury Instruction No. 10 directed the jury to follow the Court's instructions regarding the law, depriving them of the opportunity for jury nullification;

8. Jury Instruction No. 11 shifted the burden of proof when it explained that when deciding whether to believe a witness it should be kept in mind that different people sometimes perceive things differently and sometimes forget things;

9. The definition of "reasonable doubt" in Jury Instruction No. 13 transforms "reasonable doubt" into "ambiguous doubt";

10. Jury Instruction No. 14 constructively amended the indictment by instructing that the firearm must have travelled across state lines;

11. Jury Instruction No. 15 regarding "possession" does not mirror the statute, which does not mention constructive, sole or joint possession;

12. Jury Instruction No. 17 refers to Jenkins' prior felonies, despite the Court's admonition that his prior convictions should not be considered as evidence;

13. Jury Instruction No. 18 references "expert testimony," even though the Court made no such findings during trial;

14. The introduction of photographs of Jenkins and his brother at trial did not comport with the requirements for a line-up or photo array identification;

15. There was no finger print testing or test for residual gun powder on Jenkins;

16. Counsel constructively abandoned Jenkins at critical stages in the proceedings (15 subparts omitted);

17. Jenkins prior convictions did not qualify as predicate offenses for purposes of sentencing him as an Armed Career Criminal; and

18. Jenkins' request for a jury instruction not to draw inferences from Jenkins' failure to testify.

### III.  Discussion

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e).  28 U.S.C. § 2255(e).

The savings clause allows a petitioner to bring a claim under Section 2241 where he can show that a remedy under Section 2255 is inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255(e); *see* also *United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'"  *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of

justice.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Jenkins does not cite or otherwise reference a new precedent or change in the law that would allow him to bring his claims under the safety valve provision. Grounds 1-16 and 18 are all errors that could have been raised on direct appeal and/or in his Section 2255 motion.  Ground 17 regarding whether Jenkins' prior convictions properly support gives the Court pause for consideration.

Despite not specifically citing any new, retroactive Supreme Court decision, Ground 17 indicates that Jenkins' second degree robbery and attempted robbery convictions under Missouri law may not qualify as violent crimes under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); likewise, his California shoplifting conviction and conviction for second degree robbery may not qualify. As the Seventh Circuit recently reiterated, *pro se* petitions are to be construed liberally; the Court should focus on whether the legal and factual basis of a claim is presented, without being hyper-technical.  *Ambrose v. Roeckeman*, __F.3d __, 2014 WL 1424444, *2 (7th Cir. April 15, 2014) (citations omitted).

The arguments sketched out in Ground 17 are construed as being based on the Supreme Court's most recent line of ACCA cases regarding how to define and apply the term "violent felony" under Section 924(e):  *Begay v. United States*, 553 U.S. 137 (2008); *Johnson v. United States*, 559 U.S. 133 (2010); and *Descamps v. United States*, __U.S.__, 133 S.Ct. 2276 (2013).

*Begay* and *Johnson* were decided *prior* to petitioner Jenkins' Section 2255 petition and, therefore, cannot trigger the safety valve provision, but *Descamps* was decided on June 20, 2013, *after* Jenkins' petition. *Descamps* holds that when deciding whether a defendant has been convicted of a "violent felony" the sentencing court should look only at the statutory elements of the offense and not at the defendant's conduct. *Descamps*, 133 S.Ct. at 2285–86. There is not sufficient information before the Court to fully analyze Ground 17 at this juncture. Therefore, that sole issue will be permitted to proceed.

### IV.   Motion for Counsel

Also before the Court is petitioner Jenkins' motion for appointment of counsel (Doc. 2). He asserts that he does not have the financial resources to hire counsel, nor the education and legal skills to prosecute this case himself.

There is no right to appointed counsel in a federal post-conviction proceeding such as this. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, under 18 U.S.C. § 3006A(a)(2)(B), counsel may be appointed to pursue relief under 28 U.S.C. § 2241. Ground 17 (the only remaining basis for relief) does not strike this Court as complex or too complex for petitioner's abilities. This conclusion is supported by the fact that Jenkins' pleadings to date have been articulate and clearly presented his arguments. Consequently the motion for counsel (Doc. 2) will be denied without prejudice.

### V. <u>Disposition</u>

**IT IS HEREBY ORDERED** that, Jenkins' motion for counsel (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, for the reasons stated, **Grounds 1-16** of Jenkins' Section 2241 petition are summarily **DISMISSED** with prejudice; **Ground 17** shall **PROCEED**.

**IT IS FURTHER ORDERED** that respondent Walton shall answer the petition or otherwise plead within thirty days of the date this order is entered.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL–EFR 3.

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 10th day of June, 2014.**

Digitally signed by David R. Herndon
Date: 2014.06.10 16:51:39 -05'00'

**Chief Judge**
**United States District Court**