IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY W. JENKINS,

    Petitioner,

vs.                                        No. 14-cv-557-DRH-CJP

B. TRUE, WARDEN,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jerry W. Jenkins filed a petition for writ of habeas corpus under 28 U.S.C. §2241, Doc. 1. As construed on preliminary review, the petition challenges his sentence as an Armed Career Criminal under 18 U.S.C. §924(c) because he did not have three prior convictions for violent felonies.

## Relevant Facts and Procedural History

Petitioner was convicted in 2008 of one count of being a felon in possession of ammunition and one count of being a felon in possession of a firearm in the Western District of Missouri, *United States v. Jenkins*, Case No. 07-cr-00385-DW. The sentencing judge determined that he qualified as a Career Criminal based on prior convictions for Missouri second degree robbery, Missouri forcible sodomy, Missouri attempted robbery/armed criminal action (counted as one criminal episode), and California second degree robbery. Transcript of

Sentencing Hearing, Doc. 15, Ex. 1, pp. 4-10.[1]  He was sentenced to 327 months imprisonment on each count, to run concurrently.  Ex. 1, p. 16.

On direct appeal, Jenkins argued that the district court erred by: (1) admitting witness Michelle Gordon's testimony that he possessed a firearm before the date of the charged offenses; (2) admitting evidence of several previous felony convictions; and (3) imposing concurrent 327 month sentences.  The Eighth Circuit affirmed both the conviction and sentence.  *United States v. Jenkins*, 355 Fed. Appx. 983 (8th Cir. 2009).

Jenkins filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Missouri in February 2011.  *Jenkins v. United States*, Case No. 11cv-215-DW.  He argued that the district court erred in (1) admitting into evidence the name and nature of his prior felony convictions; (2) allowing Michelle Carson to testify as to certain matters; and (3) not allowing Jenkins to introduce collateral evidence to impeach the testimony of Michelle Gordon.  He also alleged ineffective assistance of counsel.  In relevant part, he argued that counsel failed to argue that his prior convictions were not violent felonies for purposes of the Armed Career Criminal Act.  See, *Jenkins*, Case No. 11-cv-215-DW, Doc. 2, pp. 23-24.  The district court denied the motion and denied a certificate of appealability.  The Eighth Circuit also denied a certificate of appealability. *Jenkins v. United States*, Case No. 11-3846 (8th Cir. April 20, 2012).

In June 2016, the Eighth Circuit granted Jenkins permission to file a

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF system.

successive §2255 motion to assert a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015). Through counsel, Jenkins filed a successive motion, which was denied. The district court also denied a certificate of appealability. *Jenkins v. United States*, Case No. 16-cv-674-DW, Doc. 12. Jenkins then filed a motion for issuance of a certificate of appealability. The government's response to that motion is due on April 4, 2017. *Jenkins*, Case No. 16-cv-674-DW, Docs. 14 & 15.

## Grounds for Habeas Relief

The petition set forth 18 grounds for relief. On preliminary review, this Court determined that all but one were claims that could not be raised in a §2241 petition because they could have been raised on direct appeal or in a §2255 motion. Only ground 17, alleging that petitioner's prior convictions did not qualify as violent felonies under the Armed Career Criminal Act, was potentially cognizable. Giving the pro se petition a broad reading, this Court determined that petitioner was advancing a claim pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him.

A §2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

A prisoner is generally limited to only *one* challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F. 3d 605, 611 (7th Cir 1998)(emphasis in original).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he

must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also*, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Analysis

Respondent filed a combined response and motion to dismiss at Doc. 15. The Court granted petitioner time in which to respond, Doc. 18, but he failed to do so.

Upon further analysis, the Court now determines that the petition does not assert a cognizable claim for habeas relief.

The only ground that survived preliminary review was ground 17, which states:

> The Missouri definitions, second degree robbery and attempted robbery is [sic] not a violent felony because a weapon was not used; also the California case was a shoplifting case; also, second degree robbery, no one were [sic] hurt. When I was released from Missouri custody, the state of California refused to extradite me to California. This were [sic] debated at [the] sentencing hearing. The judge made the decision on my A.C.C.A.

Doc. 1, p. 18.

The Armed Career Criminal Act defines a violent felony as

any crime punishable by imprisonment for a term exceeding one year ... that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

18 U.S.C. §924(e)(2)(B) (emphasis added).

The italicized language is referred to as the residual clause. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause is unconstitutionally vague. The Supreme Court specified that the "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

The sentencing judge found that petitioner's prior convictions qualify as violent felonies under the first clause of §924(e)(2)(B), referred to as the force clause. Doc. 15, Ex. 1, pp. 4-10. The validity of the force clause was not affected by *Johnson*, and, in any event, a *Johnson* claim cannot be brought in a §2241 petition because *Johnson* announced a new rule of constitutional law, not statutory construction. *See Price v. United States*, 795 F.3d 731, 733 (7th Cir. 2015).

*Descamps v. United States*, 133 S. Ct. 2276 (2013), and the later case of *Mathis v. United States*, 136 S. Ct. 2243 (2016), are statutory construction cases, but they have no application to petitioner's case because they concern the enumerated clause, i.e., convictions for burglary, arson or extortion. A review of the transcript of the sentencing hearing, attached to Doc. 15 as Exhibit 1, reveals

that Jenkins was not found to be an Armed Career Criminal on the basis of convictions for burglary, arson, or extortion. Accordingly, *Decamps* and *Mathis* have no application here.

Ground 17 of Jenkins' petition advances two claims, neither of which can be considered here. First, he argues that his convictions for Missouri second degree robbery and attempted robbery are not violent felonies because he did not use a weapon and no one was hurt. Secondly, he argues that the California conviction was for shoplifting, and was not a felony.

Jenkins cannot bring either of these two arguments in a §2241 petition because they do not rely on a new rule of statutory construction. Both arguments were available to him at the time of sentencing. In fact, Jenkins raised both arguments at sentencing. His lawyer argued that the California conviction was for a misdemeanor. Doc. 15, Ex. 1, p. 5. And, Jenkins personally argued that his prior crimes did not involve the use of weapons. Doc. 15, Ex. 1, pp. 16-17.

Further, the Supreme Court has never held that force within the meaning of the Armed Career Criminal Act requires the use of a weapon or physical harm to the victim. The Court addressed the meaning of force in *Johnson v. United States*, 130 S. Ct. 1265 (2010)("*Johnson I*"), decided in March 2010, almost a year before Jenkins filed his initial §2255 motion. He could have made a *Johnson I* argument in his initial §2255 motion.[2]

The heart of the *Davenport* rule is that a prisoner can challenge a federal conviction or sentence under §2241only where his argument rests on a new rule

---

[2] This Court is not suggesting that it believes that Jenkins had a viable argument under *Johnson I*.

of statutory construction that was not available to him at the time he filed his initial §2255 motion. If the argument does not arise out of a new rule of statutory construction not available to him at the time he filed (or could have filed) his initial §2255 motion, there is nothing inadequate or ineffective about the remedy afforded by §2255, and the argument cannot be brought in a §2241 petition. *Brown,* 719 F.3d at 586.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 15) is **GRANTED**.

Jerry W. Jenkins' Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 29th day of March, 2017.

Judge Herndon
2017.03.29
17:46:19 -05'00'

**UNITED STATES DISTRICT JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).